UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

T. TERELL BRYAN                                                                                   PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:10CV-P719-H

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS                          DEFENDANTS

### MEMORANDUM OPINION

Plaintiff T. Terell Bryan, *pro se*, initiated this action by filing a writ of mandamus asking this Court to compel the South Carolina Department of Corrections (SCDC), which has custody of Plaintiff, to allow Plaintiff to request law books at any time, instead of only on Mondays and Thursdays per policy. He additionally asks that the Court compel SCDC to allow inmates to use homemade envelopes or to provide enough envelopes.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff indicates that he petitions for mandamus relief under "the Fed. R. Civ. P." but does not specify under which rule. Nonetheless, under Fed. R. Civ. P. 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *See Haggard v. State of Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). However, "[i]t is settled that a federal court

has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* at 1386.  Such is the case here.  Plaintiff seeks only mandamus relief.  "In the absence of special statutory authority[, a federal court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Id.*  While 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the *United States* or any agency thereof to perform a duty owed to the plaintiff" (emphasis added), Plaintiff asks this Court to compel a South Carolina *state* officer to perform an act.

As Plaintiff has failed to demonstrate this Court's subject-matter jurisdiction, the instant action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005